IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                                *
VINCENT WESLEY BLAIR, JR.,
                                *
     Petitioner,
                                *
          v.                         CIVIL NO.:    WDQ-06-2233
                                *    CRIMINAL NO.: WDQ-03-0376
UNITED STATES OF AMERICA,
                                *
     Respondent.
                                *
```

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Pending is Vincent Wesley Blair, Jr.'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The Court has reviewed the pleadings and the record and determined that an evidentiary hearing is unnecessary.  Rule 8 of the Rules Governing § 2255 Proceedings.  For the following reasons, Blair's motion will be denied.

I.  Background

On August 14, 2003, Blair was indicted for: (Count One) conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base within 1000 feet of a public housing facility under 21 U.S.C. §§ 846 and 860; and (Count Two) distribution of cocaine base under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Paper No. 1.

On January 13, 2004, Blair was charged in a superseding

1

indictment with both counts from the original indictment, as well as: (Count Three) possession with intent to distribute cocaine base under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (Count Five) unlawful possession of a firearm in furtherance of drug trafficking crimes under 21 U.S.C. § 924(c) and 18 U.S.C. § 2; (Count Six) felon in possession of a firearm under 21 U.S.C. § 922(g)(1) and 18 U.S.C. § 2; and (Count Seven) felon in possession of ammunition under 21 U.S.C. § 922(g)(1) and 18 U.S.C. § 2.   Paper No. 56.

On May 24, 2004, Blair appeared before this Court and pled guilty to Count One of the superseding indictment, conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base within 1000 feet of a public housing facility. Rearraignment Transcript, May 24, 2004. ("Re. Tr.") 1.

On September 8, 2005, the Court sentenced Blair to a 151-month imprisonment, five years of supervised release, and 150 hours of community service.   Paper No. 137.   The Court dismissed the remaining charges.   *Id*.   No appeal was taken.

On August 28, 2006, Blair filed a motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255, arguing that: (1) he was improperly sentenced; and (2) he was denied effective assistance of counsel.

II.  Discussion

A.  Improper Sentencing

Blair pled guilty to conspiring to distribute and possess with intent to distribute 50 grams or more of cocaine base within 1000 feet of a public housing facility.  Re. Tr. 3-4.  In the plea agreement, Blair and the government stipulated to a base offense level of 32, corresponding to an offense involving at least 50 but less than 150 grams of cocaine base.  Re. Tr. 17; USSG § 2D1.1(c)(4) (2005).  They further stipulated to a two-level upward adjustment because the offense occurred within 1000 feet of a public housing facility (USSG § 2D1.2(a)(1)), and a two-level upward adjustment for possessing a firearm in relation to the conspiracy (USSG § 2D1.1(b)(1)), resulting in an offense level of 36.  Re. Tr. 17.   The offense level was then adjusted downward by two levels to level 34 for Blair's acceptance of responsibility.  *Id.*

At the time of Blair's sentencing, the Court granted a four-level downward departure under USSG § 5K1.1, yielding a final adjusted offense level of 30.  Gov't's Opp'n 4.  Blair's criminal history category was III; his guideline range was therefore 121 to 151 months of incarceration.  USSG § 4A1.1, Ch. 5 Pt. A.

Blair contends that his 151-month sentence was improper because he should have been sentenced within the guideline range of USSG offense level 26, 78 to 97 months, rather than that of

level 30.   Blair argues that the base offense level of 32 was
incorrect because there was no evidence that he reasonably could
have foreseen that more than 150 but less than 500 grams of
cocaine base were involved in the offense.   Citing *Blakely v.
Washington*, 542 U.S. 296 (2004), and *U.S. v. Booker*, 543 U.S. 220
(2005), Blair also contends that the Court should not have made
the two-level upward adjustment for possession or distribution of
a controlled substance within 1000 feet of a public housing
facility because there was no evidence of such facts, or applied
the two-level upward adjustment for possessing a firearm in
connection with the offense because he was not convicted of any
firearm charges.

1.   Law

The Sixth Amendment secures the right to a jury trial in
criminal prosecutions.   U.S. Const. amend. VI.   In *Apprendi v.
New Jersey,* 530 U.S. 466 (2000), the Supreme Court held that, in
accordance with the Sixth Amendment's jury provision, "[o]ther
than the fact of a prior conviction, any fact that increases the
penalty for a crime beyond the prescribed *statutory maximum* must
be submitted to a jury, and proved beyond a reasonable doubt."
*Apprendi,* 530 U.S. at 490 (emphasis added).   In *Blakely*, the
Supreme Court held that "the 'statutory maximum' for *Apprendi*
purposes is the maximum sentence a judge may impose *solely on the*

4

*basis of the facts reflected in the jury verdict or admitted by*

*the defendant.*"  *Blakely*, 542 U.S. at 303.  In *Booker*, the

Supreme Court applied its holding in *Blakely* to the USSG, and

reaffirmed its holding in *Apprendi*:

> Any fact (other than a prior conviction) which is necessary
> to support a sentence exceeding the maximum authorized by
> the facts established by a plea of guilty or a jury verdict
> must be *admitted by the defendant* or proved to a jury beyond
> a reasonable doubt.

*Booker*, 543 U.S. at 244 (emphasis added).


2. Analysis

Blair's base offense level of 32 was stipulated by him and

the government in the plea agreement, and corresponds to a

controlled substance quantity of at least 50 but less than 150

grams of cocaine base, so his assertion that there was no

evidence that more than 150 but less than 500 grams of cocaine

base were involved in the offense is not pertinent.  USSG §

2D1.1(c)(4).  At least 150 but less than 500 grams of cocaine

base would have resulted in a base offense level of 34.  USSG §

2D1.1(c)(3).

Blair's arguments that his offense level enhancements were

unlawful under *Blakely* and *Booker* fail because the facts used by

the Court in enhancing his sentence were admitted by him in his

plea agreement.  Blair's contentions that he signed his plea

agreement "blind folded," and failed to understand the nature of

his stipulations or the offense level enhancements are
contradicted by his rearraignment testimony before this Court.
Blair testified that he had signed the Plea Agreement with an
understanding of its provisions.  Re. Tr. 11.  After the
stipulation of facts in the Plea Agreement and the respective
upward adjustments to his offense level were summarized by the
government before Blair and the Court, Blair affirmed those facts
and reiterated his guilty plea.  *Id.* at 16-18.

Accordingly, the Court's sentence of 151 months was valid.


B.  Ineffective Assistance of Counsel

Blair argues that he was denied effective assistance of
counsel because his attorney: (1) failed to challenge a
government recording of an intercepted conversation with Blair
that allegedly altered the word "jerseys" to "drugs;" (2) allowed
Blair to sign a plea agreement with false stipulations; (3)
failed to challenge the Court's upward offense-level departures;
(4) failed to argue for downward departures for Blair's
employment history, family ties, and mitigating role in the
conspiracy; and (5) failed to file an appeal of Blair's sentence.


1.  Law

The Sixth Amendment also guarantees a right to the effective
assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668,

686 (1984).  "The benchmark for judging any claim of
ineffectiveness must be whether counsel's conduct so undermined
the proper functioning of the adversarial process that the
[proceeding] cannot be relied on as having produced a just
result." *Id.*

To prove his counsel's assistance was constitutionally
defective, a convicted defendant must show that: (1) the
counsel's performance was deficient; and (2) the counsel's
deficient performance prejudiced his case.  *Id.* at 687, 693.

Specifically, the defendant must first show that the counsel
made errors so serious that "counsel's representation fell below
an objective standard of reasonableness . . . under prevailing
professional norms." *Id*. at 688.  The court must judge the
reasonableness of an attorney's conduct "on the facts of the
particular case, viewed at the time of counsel's conduct." *Id*.
at 690.  Judicial scrutiny of counsel's performance must be
deferential: "A court must indulge a strong presumption that
counsel's conduct falls within the wide range of reasonable
professional assistance." *Id*.

The defendant must then show that "there is a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different." *Id.* at 694.
"A reasonable probability is a probability sufficient to
undermine confidence in the outcome" of the proceeding.  *Id.*

2.  Analysis

Blair's ineffective-assistance-of-counsel claim fails because he has produced no evidence that his counsel's performance was deficient.  The alleged altered recording to which Blair refers is not a part of the record and was not stipulated in his plea agreement or used by the Court as grounds for his conviction or sentence.  Thus, even if such a recording exists, it was not used by the government to convict him, so Blair's attorney had no occasion to object.  The Court found the evidence that was introduced was sufficient to support the conviction.  Re. Tr. 18.

Blair's assertion that his attorney permitted him to sign a plea agreement with false stipulations is belied by his rearraignment testimony.  After the government summarized its evidence and reiterated Blair's stipulations to "the base offense level, which is 32, a two-level bump because the offense occurred within a thousand feet of public housing, [and] a two-level bump because a firearm was possessed," the Court asked Blair if the government attorney had told the Court the truth, to which Blair replied, "Yes, sir."  *Id.* at 17-18.

Counsel's failure to challenge the upward offense-level adjustments for those stipulations was not deficient, as the Court's sentencing decisions were correct.  Moreover, Blair's attorney did petition the Court for downward departures for

Blair's cooperation, employment experience, and family ties in a letter dated September 7, 2005, the day before Blair's sentencing.  Finally, counsel was precluded from filing an appeal of Blair's sentence by the terms of the plea agreement, in which Blair waived all rights to appeal save for a departure from the properly determined sentencing guideline range, which did not occur.

III.  Conclusion

       For the reasons stated above, Blair's motion will be denied.


<u>March 7, 2007</u>                       <u>              /s/               </u>
Date                              William D. Quarles, Jr.
                                  United States District Judge